UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| NAHED ABDULNABI and REWA GHARBAWE, | ) |   |
|---|---|---|
|   | ) |   |
|   | ) | 3:22-CV-00066-DCLC-DCP |
| Plaintiffs, | ) |   |
|   | ) |   |
| vs. | ) |   |
|   | ) |   |
| GREGORY S. MCMILLAN, et al., | ) |   |
|   | ) |   |
| Defendants. | ) |   |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Circuit Court Judge Gregory S. McMillan's ("Judge McMillan") Motion to Dismiss [Doc. 17]. Plaintiffs Nahed Abdulnabi and Rewa Gharbawe failed to file a response. For the reasons stated herein, Judge McMillan's motion is **GRANTED**.

Plaintiffs initiated this action against Judge McMillan and various other individuals alleging retaliation in violation of the First Amendment, pursuant to 42 U.S.C. § 1983, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68, and civil conspiracy [Doc. 1]. Judge McMillan, a judge in the Fourth Circuit Court for Knox County, Tennessee, seeks dismissal of the claims against him on several grounds, including lack of subject matter jurisdiction due to Eleventh Amendment immunity [Doc. 17].

Eleventh Amendment immunity is "a true jurisdictional bar that . . . must be decided before the merits." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). A suit against a state court judge in his official capacity is, in reality, a suit against the state itself. *Matthews v.*

*Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).[1] Therefore, each of Plaintiffs' claims against Judge McMillan are properly regarded as claims against the State of Tennessee. "States have two distinct federal-law immunities from suit." *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2264 (2021) (Gorsuch, J., dissenting) (explaining the difference between immunity derived from the structure of the Constitution ("structural immunity" or sovereign immunity) and immunity derived from the text of the Eleventh Amendment ("Eleventh Amendment immunity")). This case falls squarely within the "ironclad rule" of Eleventh Amendment immunity. *Id*.

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State[.]" U.S. Const. amend. XI. In other words, the Amendment creates "an Article III subject-matter jurisdiction barrier" when a citizen of one state sues another state in federal court. *PennEast Pipeline Co., LLC*, 141 S. Ct. at 2264. Here, Plaintiffs are citizens of Georgia and they have sued the State of Tennessee through Judge McMillan.

Therefore, Eleventh Amendment immunity applies, and the Court lacks subject matter jurisdiction over such claims. Accordingly, Judge McMillan's Motion to Dismiss [Doc. 17] is **GRANTED**. Finding no just reason for delay, a separate judgment shall enter pursuant to Fed.R.Civ.P. 54(b).

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

---

[1] Although Judge McMillan argues he is also entitled to judicial immunity for the claims brought against him in his individual capacity, Plaintiffs did not specify in what capacity they were suing him, and it is presumed that each of Plaintiffs' claims are brought against him in his official capacity. See *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989)).